# In the United States Court of Federal Claims

No. 20-188
(Filed: February 27, 2020)
NOT FOR PUBLICATION

|  |  |
|---|---|
| **PETRA E. PARKER,** | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) ) |
| *Defendant.* | ) ) ) ) |

## ORDER

Acting *pro se*, Petra E. Parker filed a Complaint on February 21, 2020, concurrently filing an Application to Proceed *In Forma Pauperis*.

Upon due consideration, the motion to proceed *in forma pauperis* is **GRANTED**.

The plaintiff's Complaint is accompanied by an affidavit and an 18-page narrative document. The Complaint itself opens by providing a series of names of individuals, who are all associated with the same address as the plaintiff.[1]

The plaintiff's "Statement of Claims" begins on page 5 of the Complaint. The first claim is predicated on the "inferior medical treatment" that Greta Frye received for her cancer. The next claim is for alleged vaccine injuries to the descendants, sibling, and sibling's descendants of Mary Virginia Johnson. A similar claim is made for Terry Roberson.

The Complaint also alleges claims on behalf of clients of Quality Assurance Care for trauma due to their being "displaced and moved around more than normal."

After asserting claims on behalf of her brother and a number of other individuals, the plaintiff turns to her own claims at page 8 of her Complaint. These include claims apparently for patent infringement; for the taking of Native American lands in Memphis, Tennessee; and for the return of family lands and the return of children.

---

[1] An internet search reveals that the plaintiff's address, also associated with the individuals listed, is the site of a UPS Store.

7018 2290 0000 5183 8419

The Complaint next seeks relief for the plaintiff's wrongful termination from the SCLARC, which an internet search reveals to be the South Central Los Angeles Regional Center, and for the SCLARC's theft of the plaintiff's intellectual property.

Next follow a series of statements that, if they purport to state claims, are entirely opaque and unintelligible. An example, at page 11 of the Complaint, is one that reads in full:

> Claims for: 510 Rams Football Team, Dodgers, Rams New Stadium, Kobe Bryant (Salary Increase) AGENCY-O

The plaintiff then asserts a claim, at page 12 of the Complaint, for: "everything [she] can't remember. Which is fair because they keep asking me questions on how to make more money with different feature and other stuff also so [she doesn't] remember everything."

At page 15 of the Complaint the plaintiff "request[s] the United States pay the claims enclosed." She requests that the funds she recovers be held for Shanel A. Powell, Herman C. Powell, III, Charlize M.A. Powell, and Peter J. Parker, who the Court infers are the plaintiff's children, in order for them to "pick-up their funds at the 30 year mark...."

In addition to the Complaint, the Court has reviewed the additional document the plaintiff submitted in order to identify all the claims the plaintiff seeks to present.

The additional document opens with purported claims the plaintiff has against Arron [sic] Drake. Following these claims, the plaintiff outlines claims against the MTA, which appears to be the Los Angeles Metropolitan Transit Authority, for wrongful termination. The plaintiff then provides further details in support of the claim in her Complaint for wrongful termination by the South Central Los Angeles Regional Center.

For the harms alleged done to her, the plaintiff notes on the Court's Cover Sheet that accompanied her Complaint that she seeks damages in the amount of $5 trillion from the United States.

The Court has a responsibility to ensure that it has jurisdiction over any claim and over the parties against which claims have been asserted. *See, e.g., St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). The Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 44 F. 3d 1309, 1315 (Fed. Cir. 2006).

The plaintiff is proceeding *pro se*, and her pleadings therefore are entitled to receive a more liberal construction than the Court would give to pleadings prepared by counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972). Giving a *pro se* litigant's pleadings a liberal construction does not, however, divest a plaintiff proceeding *pro se* from the responsibility of having to satisfy the jurisdictional requirements to maintain a suit in this Court. *See Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The Supreme Court has made clear that this Court does not have jurisdiction over defendants other than the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Even the most liberal reading of the plaintiff's Complaint and its accompanying narrative document fails to reveal any allegation against the United States, with the exception of the plaintiff's vaccine claims, to be addressed presently. Because not one of the non-vaccine claims presented by the plaintiff in both documents filed with the Court alleges any claim attributable to the United States, the United States is not a proper defendant. Given that this Court may only entertain claims against the United States for money damages attributable to the actions of the United States, all of the plaintiff's non-vaccine claims are beyond this Court's jurisdiction. Accordingly, these claims must be dismissed without prejudice.

The plaintiff has, as noted, also filed claims for vaccine injuries allegedly suffered by Mary Virginia Johnson and Terry Roberson. This Court does have jurisdiction over claims under the Vaccine Injury Compensation Act, 42 U.S.C. § 3000aa-10 *et seq*. The plaintiff does not allege that she herself suffered an injury from a vaccine; she does not allege that the four individuals the Court infers to be the plaintiff's children suffered an injury from a vaccine. Nowhere does the plaintiff explain who Mary Virginia Johnson and Terry Roberson are in relation to the plaintiff. The plaintiff does not allege or show that she is an authorized representative of either Mary Virginia Johnson or Terry Roberson.

It is a truism that a plaintiff may only seek relief for herself, except when representing a class, unless the plaintiff is suing in some legally cognizable representative capacity. The plaintiff does not allege that she is acting in such a capacity for Mary Virginia Johnson and Terry Roberson. As a result, the plaintiff lacks standing to pursue claims for vaccine injuries on behalf of Mary Virginia Johnson and Terry Roberson, and her vaccine claims must also be dismissed.

For the foregoing reasons, the plaintiff's motion to proceed *in forma pauperis* is **GRANTED,** and the Complaint is **DISMISSED** without prejudice pursuant to Rule 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims so that the plaintiff may file the claims for which she has standing in a court of competent jurisdiction.

The Clerk is directed to enter judgment accordingly. No costs are awarded.

It is so **ORDERED.**

Richard A. Hertling
**Judge**